# Nichols Contracting Company v. First National Bank.

(Decided November 21, 1924.)

## Appeal from Knox Circuit Court.

1. Action—Notes and Assignment Accepted by Contractor Held Single Transaction Authorizing Single Suit Against Makers and Contractor.—Note and assignment by makers of sums to accrue to them as subcontractors accepted by principal contractor, held to constitute single transaction and to authorize single suit under Civil Code of Practice, section 26, against makers and contractor accepting such assignment, notwithstanding section 83.

2. Pleading—Judgment on Pleading Against Contractor Accepting Assignment by Subcontractor Held Erroneous.—Where contractor sued by subcontractor's assignee, specifically denied there was anything due subcontractor in excess of stated sum, and averred that such sum was net amount due after deducting advances made prior to execution of acceptance of assignment, it was error to direct judgment for total claim on theory of insufficient denial.

H. H. OWENS and J. D. BLACK for appellant.

DISHMAN, TINSLEY & DISHMAN and JESSE D. TUGGLE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Although bearing different dates, the following papers were simultaneously executed and delivered to the First National Bank of Barbourville as the basis for a loan of $2,600.00 to Wymond & Garrison, a partnership composed of Mark Wymond and J. B. Garrison:

"Barbourville, Ky., May 2, 1921.

"$2,600.00.

"On June 5th after date, for value received we promise to pay to the order of FIRST NATIONAL BANK, of Barboursville, TWENTY-SIX HUNDRED DOLLARS. Negotiable and payable at FIRST NATIONAL BANK OF BARBOURVILLE. It is agreed by the parties hereto that this note shall bear interest after maturity at the rate of ............ per cent until paid. Assignment of estimate from Nichols Contracting Company.

"This note is secured by the pledges and deposit of the above security and the First National

Bank of Barbourville, or their assigns, may, after the maturity of this note, sell the same for cash or on time, as they deem best, without notice to other party, and appropriate the proceeds to the payment of said note, and in the event of the above named securities being more than the amount of this note the same shall be held to cover any other of the undersigned's indebtedness to the said bank.

"WYMOND & GARRISON,
Per MARK WYMOND.

"No. 41082
Due June 5, 1921
D. C."

"Barbourville, Ky., April 30th, 1921.

"We the undersigned hereby assign to the First National Bank of Barbourville, Ky., such part of any amount due us from the Nichols Contracting Company on account of work performed on the Lousville & Nashville Railroad Company during the month of April, as is necessary to secure payment of our note for twenty-six hundred ($2,600.00) dated May 2nd, 1921, and the said Nichols Contracting Company is hereby authorized to pay such amount from any money due us.

"WYMOND & GARRISON,
By MACK WYMOND.

"Accepted.
NICHOLS CONTRACTING Co.,
"By W. D. COLEMAN,
Secretary and Treasurer."

The note not having been paid at maturity, the bank instituted this action against Wymond & Garrison and the Nichols Contracting Company, seeking a judgment against all of them for the $2,600.00, with interest and cost. The petition alleged that on account of work performed by Wymond & Garrison for the L. & N. Railroad Company during the month of April, as subcontractors under Nichols Contracting Company, there was due the former from the latter an amount "in excess of the amount of said note and said acceptance."

Wymond & Garrison did not answer, and upon the theory that the answer of the Nichols Contracting Company did not validly contradict the allegation of the petition that for April, 1921, there was due Wymond & Garrison from the Nichols Contracting Company a

sum in excess of the amount of the note, the lower court peremptorily instructed the jury to return a verdict in favor of the plaintiff against the Nichols Contracting Company for the full amount of the note, and from a judgment entered thereon that company has prosecuted this appeal.

The first insistence for the appellant is that there is a misjoinder of actions, and that as a consequence the court erred in overruling its special demurrer to the petition and its motion to elect.

In support of this position, it is insisted that the note and the acceptance are separate and distinct instruments representing unrelated liabilities of different parties to the bank, requiring separate actions against the different parties. This, however, is not true, since the two papers, simultaneously executed for a single purpose and referring to each other, are but parts of a single contract. The note expresses the primary and absolute obligation of Wymond & Garrison to pay the bank $2,600.00, while the acceptance expresses the secondary and conditional obligation of the Nichols Contracting Company to do the same thing.

It is therefore clear that the bank, Wymond & Garrison and the Nichols Contracting Company are all parties to a single transaction, and the fact that their varying obligations thereunder are set forth in separate papers rather than a single one is wholly immaterial.

Section 26 of the Civil Code provides that persons severally liable upon the same contract may all or any one of them be included in the same action at the plaintiff's option, and the facts of this case call for the application of this section rather than section 83 of the Code, upon which appellant relies and which relates to separate and distinct causes of action.

2. Appellant, in the first paragraph of its answer, expressly denied that for the month of April, 1921, "there was due from this defendant to Wymond & Garrison any sum for labor performed by them as subcontractors of this defendant in excess of $125.75," and for that sum they offered to confess judgment.

Clearly, then, the court erred in directing a verdict for plaintiff for the full amount of the note, or for more than $125.75 because of the pleadings, unless by other averments of the answer the effect of this denial is destroyed, and the effort of counsel for appellee to sustain the judgment is based upon the theory that this is true.

. With this view, however, we are unable to agree, since the averment relied upon is a denial "that there was any sum due from this defendant to them for labor, over and above the amounts owing to this defendant for materials and advancements furnished to them in the execution of said contract, except the sum of $125.75."

This averment, if standing alone, might possibly have had the effect of destroying the first denial that there was any sum due in excess of $125.75, since, construing the pleading against the pleader, it might have been presumed that the materials and advancements referred to had been furnished after the execution of the note and acceptance. The further averments of the answer, however, refute any such presumption by the allegation that such money and materials were furnished to Wymond & Garrison "by this defendant prior to the execution of said acceptance in executing said subcontract work."

In other words, appellant not only categorically denied that it was indebted to Wymond & Garrison for work done in April, 1921, in any sum in excess of $125.75, but it also alleged that that sum was the net amount due them after deducting from the value of their work the value of advancements made to them during its progress, and prior to the execution of the acceptance.

As the acceptance only bound the Nicholas Contracting Company to pay the plaintiff the amount due Wymond & Garrison for work performed under their contract with it for the month of April, 1921, which is, of course, only the net amount due them therefor, it is clear the answer but put in issue the averments of the petition as to the amount of appellant's liability under its acceptance.

Wherefore, the judgment is reversed and the cause remanded for another trial not inconsistent herewith.